# Exhibit 4

~~FOR OFFICIAL USE ONLY // DELIBERATIVE~~

Policy Number: 11005.4

*Office of the Director*

**U.S. Department of Homeland Security**
500 12th Street, SW
Washington, DC 20536



| | |
|---|---|
| MEMORANDUM FOR: | All ICE Employees |
| FROM: | Caleb Vitello<br>Acting Director |
| SUBJECT: | Interim Guidance on Civil Immigration Enforcement Actions Involving Current or Potential Beneficiaries of Victim-Based Immigration Benefits |

Purpose

This memorandum provides interim guidance governing U.S. Immigration and Customs Enforcement (ICE) civil immigration enforcement actions involving aliens who are known beneficiaries of victim-based immigration benefits or are known to have pending applications or petitions for such benefits. ICE Directive 11005.3: Using a Victim-Centered Approach with Noncitizen Crime Victims (Dec. 2, 2021) and ICE Policy Statement 10076.1: *Prosecutorial Discretion: Certain Victims, Witnesses, and Plaintiffs* (Jun. 17, 2011) are now rescinded and superseded by this interim guidance.[1]

This interim guidance is effective immediately and remains in effect until superseded.[2]

Background

The Violence Against Women Act (VAWA)[3] and its reauthorizations and the Trafficking

---

[1] Current beneficiaries of victim-based immigration benefits may be subject to civil immigration enforcement, subject to applicable legal limitations, at the discretion of Field Office Directors (FODs) and Special Agents in Charge (SACs) in consultation with the Office of the Principal Legal Advisor (OPLA), where the totality of circumstances warrant enforcement and/or the termination of the victim-based immigration benefit.

[2] Nothing in this interim guidance should be construed to impact or cease the mission or work of the Congressionally appropriated DHS Center for Human Trafficking and its Victim Assistance Program.

[3] Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, 108 Stat. 1796 (1994).

~~FOR OFFICIAL USE ONLY // DELIBERATIVE~~

~~FOR OFFICIAL USE ONLY // DELIBERATIVE~~

Interim Guidance: Civil Immigration Enforcement Actions Involving Current or Potential Beneficiaries of Victim-Based Immigration Benefits
Page 2 of 4

Victims Protection Act[4] and its reauthorizations, among other laws, permit qualifying aliens to apply or petition for certain victim-based immigration benefits. ICE Directive 11005.3: Using a Victim-Centered Approach with Noncitizen Crime Victims (Dec. 2, 2021) and ICE Policy Statement 10076.1: Prosecutorial Discretion: Certain Victims, Witnesses, and Plaintiffs (Jun. 17, 2011) generally required ICE officers and agents, absent exceptional or exigent circumstances, to refrain from taking civil immigration enforcement actions against known beneficiaries of victim-based immigration benefits, or primary and derivative applicants or petitioners for such benefits. Further, when encountering an alien not known to be an approved beneficiary of victim-based immigration benefits or to have applied or petitioned for such benefits, ICE officers and agents were required to look for indicia or evidence suggesting an alien was a victim of crime (e.g., being the beneficiary of an order of protection) and consider such information as a positive discretionary factor in determining whether to take civil immigration enforcement action, including but not limited to release from detention. Finally, ICE officers and agents were required to coordinate with U.S. Citizenship and Immigration Services (USCIS) to seek expedited adjudication of victim-based immigration applications and petitions, when necessary and appropriate.

Policy

On January 20, 2025, President Donald J. Trump issued an Executive Order (EO) entitled "Protecting the American People Against Invasion," which states it is the policy of the United States to achieve the "total and efficient enforcement of [immigration] laws" against all inadmissible and removable aliens. Accordingly:

1) ICE officers and agents should coordinate and deconflict internally, and with local, state, and other federal law enforcement, as appropriate, when determining whether to take civil immigration enforcement actions to ensure criminal investigative and other enforcement actions will not be compromised;

2) When encountering an alien who is the beneficiary of a victim-based immigration benefit, ICE officers and agents should consult with the Office of the Principal Legal Advisor (OPLA) through their Field Office Directors or Special Agents in Charge prior to conducting a civil enforcement action against such known beneficiaries, or against primary and derivative applicants or petitioners for such benefits, to ensure any such action is consistent with applicable legal limitations;

3) When encountering an alien during a civil immigration enforcement action who is not known to be an approved beneficiary of victim-based immigration benefits or to have applied or petitioned for such benefits, ICE officers and agents are not required to affirmatively seek to identify indicia or evidence suggesting an alien is a victim of a crime or consider such

---

[4] Victims of Trafficking and Violence Protection Act of 2000, Pub. L. No. 106-386, 114 Stat. 1464 (2000).

~~FOR OFFICIAL USE ONLY // DELIBERATIVE~~

~~FOR OFFICIAL USE ONLY // DELIBERATIVE~~

Interim Guidance: Civil Immigration Enforcement Actions Involving Current or Potential Beneficiaries of Victim-Based Immigration Benefits
Page 3 of 4

> evidence as a positive discretionary factor in determining whether to take civil immigration enforcement action; and

4) ICE will no longer routinely request expedited adjudications from USCIS. ICE officers and agents may continue to do so subject to a case-by-case determination that it is in ICE's best interests.

<u>Implementation</u>

*Adherence to Laws*

In implementing this guidance, ICE personnel remain bound to adhere to all applicable statutory and policy requirements including the provisions of 8 U.S.C. § 1367 and Department of Homeland Security (DHS) Instruction No. 002-02-001, Rev. 00.1: Implementation of Section 1367 Information Provisions (May 28, 2019). Notably:

1) ICE officers and agents may not rely on information obtained *solely* from a "prohibited source" when making an adverse determination of admissibility or deportability. Such information must be independently corroborated with information from a non-prohibited source and documented within the relevant system of record. Prohibited sources for purposes of this guidance are:
   a. A spouse or parent who battered the alien or subjected the alien to extreme cruelty;
   b. A member of the spouse's or parent's family residing in the same household as the abusive spouse or parent;
   c. A spouse or parent who battered the alien's child or subjected the alien's child to extreme cruelty (unless the alien actively participated in the battery or extreme cruelty);
   d. A member of the spouse's or parent's family residing in the same household as the alien who has battered the alien's child or subjected the alien's child to extreme cruelty when the spouse or parent consented to or acquiesced in such battery or cruelty and the alien did not actively participate in such battery or cruelty);
   e. In the case of an alien who is applying for a U visa, the perpetrator of the substantial physical or mental abuse and the criminal activity; and
   f. In the case of an alien who is applying for a T visa, Continued Presence, or immigration relief as a VAWA self-petitioner, the trafficker or perpetrator.

2) With respect to information relating to a beneficiary of a pending or approved application for victim-based immigration benefits, ICE personnel are generally prohibited from permitting use by or disclosure to anyone other than a sworn officer or employee of DHS, the Department of State, or the Department of Justice for legitimate agency purposes. Penalties for violating this general prohibition include disciplinary action and civil

~~FOR OFFICIAL USE ONLY // DELIBERATIVE~~

Interim Guidance: Civil Immigration Enforcement Actions Involving Current or Potential Beneficiaries of Victim-Based Immigration Benefits
Page 4 of 4

      monetary penalties. ICE personnel should consult with OPLA in advance of disclosing information protected under 8 U.S.C. § 1367 to other parties.

<u>No Private Right</u>

This memorandum provides only internal ICE policy guidance, which may be modified, rescinded, or superseded at any time without notice. It is not intended to, does not, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable at law by any party in any administrative, civil, or criminal matter. Likewise, no limitations are placed by this guidance on the otherwise lawful enforcement or litigative prerogatives of ICE.